Carr, J
The case of Stuart’s heirs v. Coalter was one very much considered, and, as I think, very correctly decided. I am entirely opposed to a departure from the principles there settled. The question is, whether the present case falls within the general rule, which inhibits courts of equity from deciding the dry legal title to lands 1 I think it does, clearly. It is a case of disputed boundary,—whether the title of Adams, or that of Jones, to the land in contro *195 versy, was the best; and it appears upon the record, that Jones was in possession. What, then, was to hinder Lange from suing him at law upon the title of Adams ? I see nothing, and am clearly for affirming the decree.
Tucker, P.
It is distinctly alleged by the appellant in his bill, that the defendant Jones had actually taken possession of part of the land, claiming it as his own, and the fact is admitted and avowed by Jones. There could then have been no difficulty in having a trial of the legal title before the proper tribunal, by the institution of an ejectment in the name of Adams against Jones, until the decision of which Adams might have been injoined by bill in equity. Instead of this, Lange brings Jones into chancery, without having any pretense of equity against him, and acknowledging that the dispute in which Jones is interested, is a dispute about the title or bounds of his land. In this aspect, the bill is what has been aptly called an ejectment in equity, which is not to be countenanced by the court. In Stuart’s heirs v. Coalter, this court distinctly denied the jurisdiction of a court of equity, to settle the title or boundaries of lands between adverse claimants, “ unless the plaintiff has an equity against the defendant claiming adversely to him.” This principle bears hard indeed, where a purchaser in possession, but having strong reason to believe that another has a better title, wishes to settle the controversy before he pays his purchase money: on that matter, however, we give no opinion. But where, as in this case, the adverse claimant is in possession, there is nothing to impede the purchaser from proceeding at law to try title with him, in the meantime, injoining the recovery of the purchase money. Lange ought to have brought his ejectment in Adams’s name, and called upon him to sustain it; and should have asked an injunction to the payment of the purchase money, till it was determined. Therefore, I think the chancellor was right in dismissing the bill.
As to the cause not having been set for hearing, I am of opinion, that the omission was an informality of no impor *196 tance in this case, where the hearing was upon the question of jurisdiction, which depended upon facts set forth in the bill, and admitted and avowed in the answer. Substantial justice has been done: there has been a fair and full hearing upon the only point that could properly arise between the parties. A reversal, under such circumstances, is forbidden by the statute of 1827-8, Supp. to Rev. Code, ch. 96. § 1. p. 125. Indeed, I think it is fairly to be inferred, that the cause came on to be heard by consent, from the understanding between the parties, that as to the plaintiff’s case against Adams, it should stand open; that is, that so much of the case as respected Adams., should not be considered as heard, but should stand for further proceedings and proofs. Here, then, was an understanding between the parties, Lange and Jones (for Adams's executors were not before the court), as to the manner in which the cause should be heard. The objection that the cause was not set for hearing, is, therefore, not sustainable.
The other judges concurred. Decree affirmed,